**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VICTOR WILLIAMS, *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>ECOLAB INC.,<br><br>Defendant. | Case No. 21-CV-695 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ecolab Inc., by and through counsel, hereby removes the matter captioned *Victor Williams v. Ecolab Inc.*, Case No. 2020CH000791, filed in the Circuit Court of the Twelfth Judicial Circuit of Will County, Illinois on December 7, 2020 (hereinafter referred to as "the State Court Action") to the United States District Court for the Northern District of Illinois. The grounds for removal are set forth below.

**COMPLIANCE WITH REMOVAL REQUIREMENTS**

1. On or about December 7, 2020, Plaintiff Victor Williams filed his Class Action Complaint ("the Complaint") alleging violations of Illinois' Biometric Information Privacy Act ("BIPA") in the Circuit Court of the Twelfth Judicial Circuit of Will County, Illinois. Plaintiff brought three causes of action against Ecolab: (1) violation of BIPA section 15(a), for an alleged "failure to institute, maintain, and adhere to [a] publicly available [data-]retention schedule"; (2) violation of BIPA section 15(b), for an alleged "failure to obtain informed written consent and release before obtaining biometric identifiers or information;" (3) violation of BIPA section 15(d), for an alleged "disclosure of biometric identifiers and information before obtaining consent." *See*

Ex. A at 32-36, Complaint ¶¶ 67-94. All counts were asserted on behalf of Plaintiff and putative class members.

2. On January 6, 2021, Ecolab was served with the Summons and Complaint filed in the State Court Action. Ecolab's removal of this action is timely because Ecolab is removing this matter within 30 days of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

3. This Notice of Removal is properly filed in this district and division because the Circuit Court of the Twelfth Judicial Circuit of Will County, Illinois is located within the Eastern Division of the Northern District of Illinois. *See* 28 U.S.C. §§ 1441(a), 1446(a).

4. In accordance with 28 U.S.C. § 1446(d), Ecolab will promptly provide written notice of the removal of the State Court Action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of Court for the Circuit Court of Will County, Illinois. In addition, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint, in addition to all process, pleadings, and orders served upon Ecolab in the State Court Action are attached hereto as Exhibit A.

**JURISDICTION PURSUANT TO 28 U.S.C. § 1331**
**(FEDERAL QUESTION)**

5. Pursuant to 28 U.S.C. § 1331, removal is proper because the civil action arises under the laws of the United States because it is preempted by federal labor law, specifically the Labor Management Relations Act ("LMRA").

6. "Section 301 of the LMRA [] provides that suits for violation of contracts between an employer and a labor organization confer original jurisdiction in federal district courts..." *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498 (7th Cir. 1996); 29 U.S.C. § 185(a) (federal jurisdiction over "suits for violation of contracts between an employer and a labor organization").

7. Per recent Seventh Circuit authority, BIPA claims, like the Plaintiff's claims here, are removable on the basis of federal-question jurisdiction. *See Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903-05 (7th Cir. 2019); 29 U.S.C. § 185(a). The Seventh Circuit has explained: "[T]here can be no doubt that how workers clock in and out is a proper subject of negotiation between unions and employers," such that the question of whether these unions "consent[ed] to the collection and use of biometric data, or perhaps grant[ed] authority through a management-rights clause" and whether the employer "may use third parties to implement timekeeping and identification systems, are topics for bargaining between unions and management." *Id*. at 903-04. Stated simply, because such "a dispute necessarily entails the interpretation or administration of a collective bargaining agreement, there's no room for individual employees to sue under state law . . . state law is preempted to the extent that a state has tried to overrule the union's choices on behalf of the workers." *Id.* at 904.

8. In accordance with *Miller*, the BIPA claims asserted by the Plaintiff here implicate a subject of bargaining and require interpretation of a collective bargaining agreement, and under the terms of the collective bargaining agreement, the dispute is required to be resolved either through a grievance procedure or arbitration. *See Miller*, 926 F.3d at 903-05.

9. Williams was first employed by Ecolab in November 2016. Ex. B, ¶ 4. During all times relevant to this lawsuit, his employment has been governed by a collective bargaining agreement with Local Lodge No. 124 of the International Association of Machinists and Aerospace Workers ("CBA"). Ex. B, ¶¶ 4-5. A true and correct copy of excerpts from the CBA are attached hereto as Exhibit B-1.

10. Pursuant to the CBA, the Union has at all relevant times been the sole collective bargaining agent for all production and maintenance employees employed by the Company at the

Joliet facility. Exhibit B-1, Art. I. As a member of the Union, Plaintiff's terms and conditions of employment, including Plaintiff's allegations that Ecolab violated BIPA, are governed by and require interpretation of the CBA. Exhibit B-1; Exhibit B-2. *See e.g.,* 29 U.S.C.A. § 185(a); *Miller*, 926 F.3d at 903; *Gray v. Univ. of Chicago Med. Ctr., Inc.*, No. 19-cv-04229, 2020 WL 1445608, at *3 (N.D. Ill. Mar. 25, 2020).

11. In accordance with *Miller*, resolving the issue of whether consent and notice have properly been given under BIPA necessarily requires analysis of the interpretation and administration of the Management Rights clause and other clauses of the collective bargaining agreement, as well as the negotiations between the Defendant and Plaintiff's respective bargaining representatives. *See Miller*, 926 F.3d at 903-04. In other words, the Court cannot analyze Plaintiff's claims without examining the CBA's language concerning the employer's rights to determine methods, procedures, and equipment, and to determine the nature of work to be performed by the employees and to implement rules and regulations. *See id.* As a result, the Plaintiff's claims under BIPA are preempted by the LMRA, and this case is properly removed.

**JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)**
**(CLASS ACTION FAIRNESS ACT)**

12. Although the above-stated basis is sufficient for removal, this Court has an independent basis for original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests district courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties, and the amount in controversy, aggregated across putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (6); *see also* 28 U.S.C. § 1441(a) (providing for removal of civil actions for which district courts have original jurisdiction). CAFA also requires that the action involve 100 or more putative class members. 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff brings his claims "pursuant to 735 ILCS 5/2-801 on behalf of "[a]ll individuals working for Ecolab in the State of Illinois who had their biometric identifiers and/or information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period." Ex. A at 29, Complaint ¶ 57. Accordingly, this action constitutes a "class action," as defined by CAFA. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* 735 ILCS 5/2-801 (setting forth prerequisites for maintenance of a class action under Illinois law).

14. Upon information and belief, since 2017, at least 350 people worked at the Joliet facility where Plaintiff worked, meeting the requirement that the action involve 100 or more putative class members, 28 U.S.C. § 1332(d)(5)(B). Ex. B, ¶ 6.

15. In the Complaint, Plaintiff alleges that he is a resident of Illinois. Ex. A at 21, Complaint ¶ 15. Defendant Ecolab is a corporation. *Id.* ¶ 16. A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Ecolab is incorporated in the state of Delaware, Ex. A at 21, Complaint ¶ 16, and its principal place of business is 1 Ecolab Place, St. Paul, Minnesota 55102, Ex. B, ¶ 3. Thus, Ecolab is a citizen of both Delaware and Minnesota.

16. Because Plaintiff is a citizen of Illinois, and Ecolab is a citizen of Delaware and Minnesota, CAFA's minimal-diversity requirement is satisfied. 28 U.S.C. § 1332(d)(2)(A) (recognizing minimal diversity where "any member of a class of plaintiffs is a citizen of a State different from any defendant").

17. For the amount in controversy, "[a] removing party . . . only must establish the amount in controversy by a good faith estimate that is 'plausible and adequately supported by the

evidence.'" *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.").

18. In his Complaint, Plaintiff does not allege a total dollar amount in damages. However, Plaintiff brings his claims under BIPA, which provides for $5,000 "for each intentional violation" or $1,000 "for each negligent violation." Ex. A at 22, Complaint ¶¶ 20-21; *see* 740 ILCS 14/20(1)–(2).

19. Plaintiff alleges that "employees are required to use their fingerprints to clock-in and clock-out, recording their time worked." Ex. A at 25, Complaint ¶ 34. He defines the putative class as "[a]ll individuals working for Ecolab in the State of Illinois who had their biometric identifiers and/or information collected, captured, received, or otherwise obtained, maintained, stored, or disclosed by Defendant during the applicable statutory period." *Id.* at 29, Complaint ¶ 57. Upon information and belief, at least 350 people worked at the Joliet facility where Plaintiff worked. Ex. B, ¶ 6.

20. While Ecolab denies liability for any such alleged violations, or the appropriateness of any such damages, Plaintiff's allegations, as applied to approximately 350 employees could well exceed the $5,000,000 threshold if Plaintiff seeks the sum of $5,000 for Count I, $5,000 for Count II, and $5,0000 for Count 3, before potential attorneys' fees. *See, e.g.*, *Webb v. Fin. Indus. Regul. Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) ("Legal fees may count toward the amount in controversy if the plaintiff has a right to them 'based on contract, statute, or other legal authority.'"); *see also* 740 ILCS 14/20(3) (providing for recovery of "reasonable attorneys' fees" by a prevailing party). Again, Ecolab denies liability for Plaintiff's claims, any purported

damages, and any such calculation of damages, but Ecolab recognizes that the Complaint's allegations provide the requisite amount in controversy for removal under CAFA.

21. In sum, removal of this action is proper, as this Court has original jurisdiction over Plaintiff's claims on the basis of federal preemption and under CAFA.

**NO WAIVER OF RIGHTS**

22. With this removal, Ecolab does not waive any claims or defenses. Ecolab also does not concede, in any way, that the allegations in the Complaint are accurate, that Ecolab committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

Dated: February 5, 2021

Respectfully submitted,

/s/ Efrat Schulman

Michael J. Gray
mjgray@jonesday.com
Efrat R. Schulman
eschulman@jonesday.com
Elsa Andrianifahanana
eandriani@jonesday.com
JONES DAY
77 West Wacker
Suite 3500
Chicago, IL 60601.1692
Telephone: +1.312.782.3939
Facsimile: +1.312.782.8585

*Attorneys for Defendant Ecolab*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the foregoing on counsel of record.

/s/ Elsa Andrianifahanana